UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHANTHALY PHELPS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NAVIENT SOLUTIONS, INC.,<br><br>　　　　　Defendant. | No. 2:16-cv-2798-GEB-KJN PS<br><br><br><br>ORDER |

　　　　Presently before the court is defendant Navient Solutions, Inc.'s ("defendant") motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 5.) Plaintiff filed an opposition and defendant filed a reply. (ECF Nos. 7, 8.) The court heard this matter on its January 5, 2017 law and motion calendar. Plaintiff appeared on her own behalf. Attorney Christopher Fredrich appeared telephonically on behalf of defendant. The undersigned has fully considered the parties' briefs, oral arguments, and appropriate portions of the record. For the reasons that follow, defendant's motion to dismiss is granted and the complaint is dismissed, but with leave to amend.

////

////

I.     Relevant Allegations of the Complaint

Plaintiff's complaint consists of a letter from plaintiff to defendant dated October 21, 2016, and a form complaint from the Small Claims Division of the Sacramento County Superior Court filled out by plaintiff.[1] (ECF No. 1-1.) Plaintiff alleges that she previously sent defendant a letter "dated August 4, 2016 regarding an inaccuracy on [her] credit reports" regarding certain loan accounts plaintiff holds with defendant that are specified in the complaint. (Id. at 2.) Plaintiff alleges further that defendant "failed to provide [plaintiff] with a copy of any viable evidence submitted by the Dep. of Ed/Navient;" defendant is "acting in bad faith," and "ha[s] not complied with the Federal Trade Commission." Id. Plaintiff also alleges that defendant made an unspecified "[f]alse or misleading representation," and "[c]ommunicat[ed] or threaten[ed] to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that disputed debt is disputed." Id. at 5. Based on these limited allegations, plaintiff asserts claims for defamation, "negligent enablement of identity fraud," and an unspecified violation of the Fair Credit Reporting Act ("FCRP"). Id. at 2, 5. Plaintiff seeks $5,000 in damages based on these claims. Id. at 2.

II.    Legal Standards

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

---

[1] Plaintiff originally filed this action in the Small Claims Division of the Sacramento County Superior Court. Defendant subsequently removed the action to this court based on this court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1.)

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

////
////
////

III.     Discussion

Defendant argues that plaintiff's complaint should be dismissed because plaintiff's allegations fail to demonstrate that plaintiff has suffered a concrete injury in connection with defendant's alleged conduct, therefore meaning plaintiff lacks Article III standing to assert a claim in this court. Defendant argues further that plaintiff's complaint should be dismissed because it fails to state a cognizable claim.

A.     Standing

Defendant argues as an initial matter that plaintiff fails to demonstrate that she has standing to sue defendant because the allegations of her complaint fail to show that she has suffered an injury in fact. In order to establish standing to sue under Article III of the Constitution, a plaintiff must, at a minimum, show that: (1) she has suffered an "injury in fact— an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical"; (2) there exists "a causal connection between the injury and the conduct complained of"; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (internal citations and quotation marks omitted).

Defendant contends that plaintiff fails to meet the first standing requirement because the complaint does not contain allegations showing that she suffered a concrete and particularized invasion of a specific legally protected interest. The court agrees with defendant that the complaint contains little more than conclusory allegations that provide only a vague indication of the basis for plaintiff's apparent claims. However, when the allegations of the complaint are liberally construed in plaintiff's favor, they appear to indicate that defendant allegedly provided inaccurate information regarding plaintiff's accounts to an unidentified credit reporting agency, which caused plaintiff to suffer monetary damages. Although vague, these allegations may show that defendant engaged in conduct, i.e., provided inaccurate information regarding plaintiff's accounts to a credit reporting agency, which caused plaintiff to suffer monetary damages, a concrete and particularized harm. See In re Hydroxycut Mktg. & Sales Practices Litig., 801 F. Supp. 2d 993, 1002 (S.D. Cal. 2011) (quoting Danvers Motor Co. v. Ford Motor Co., 432 F.3d

286, 293 (3rd Cir. 2005)) ("Monetary harm is a classic form of injury-in-fact."). Accordingly, defendant's argument that plaintiff lacks standing to sue is not well taken.

        B.      Claims for Defamation and Negligence

Second, defendant argues that the complaint fails to provide factual details regarding plaintiff's claims for defamation and negligence sufficient to meet the pleading standards under Twombly and Iqbal. The court agrees.

Under California law, "[t]he elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." Wong v. Tai Jing, 189 Cal. App. 4th 1354 (Ct. App. 2010) (citing (Taus v. Loftus, 40 Cal.4th 683, 720 (2007)). While plaintiff's allegations indicate there exists an "inaccuracy in [her] credit reports" regarding certain accounts (ECF No. 1-1 at 2), plaintiff in no way alleges facts that indicate that defendant was responsible for that inaccuracy, that such inaccuracy was defamatory in nature, unprivileged, or how defendant's alleged conduct caused plaintiff to suffer the monetary damages she alleges. Nor does plaintiff provide a sufficient degree of specificity regarding the alleged inaccuracy itself as the allegations note only that the information was inaccurate. Accordingly, plaintiff's complaint fails to state a cognizable defamation claim.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (Cal. Ct. App. 1998) (citation omitted). Plaintiff alleges that defendant engaged in a "negligent enablement of identity fraud." (ECF No. 1-1 at 2.) However, plaintiff fails to identify in any fashion any specific negligent acts on defendant's part, or how such acts were the proximate cause of the alleged identity fraud. Therefore, plaintiff's complaint, in its current form, fails to state a claim for negligence.

Defendant contends further that plaintiff's claims for defamation and negligence are preempted by 15 U.S.C. § 1681h(e) to the extent that they are based on information defendant allegedly furnished to a consumer reporting agency. Title 15 U.S.C. § 1681h(e) provides that "no

5

consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency." To the extent that the court can ascertain from plaintiff's limited allegations, it appears that plaintiff's claims for defamation and negligence are based on defendant's supplying of unspecified inaccurate information to an unidentified credit reporting agency. If plaintiff is asserting her claims for defamation and negligence on such a factual basis, then it appears that those state law claims would be preempted by 15 U.S.C. § 1681h(e)'s prohibition on such actions against "person[s] who furnish[ ] information to a consumer reporting agency." However, given the paucity of factual allegations in the complaint as it is currently constructed, the court cannot definitively conclude at this juncture that plaintiff's defamation and negligence claims would be precluded by that federal statute if further factual details were provided. Accordingly, the court dismisses plaintiff's claims for defamation and negligence, but with leave to amend.

C. Claim for Violation of the FCRA

Defendant argues that plaintiff's complaint provides no indication as to which provisions of the FCRA defendant allegedly violated, therefore meaning any such claim should be dismissed. This argument is well taken. Nowhere in the complaint does plaintiff provide defendant or the court with any notice of the provision or provisions of the FCRA under which she is asserting her claim. When the scant allegations of the complaint are construed liberally, it appears that plaintiff is attempting to assert a claim for negligent violation of the FCRA under 15 U.S.C. § 1681e(b). However, the complaint, as it is currently constructed, in no way alleges facts sufficient to sustain such a claim. Accordingly, plaintiff's claim under the FCRA is dismissed, but with leave to amend.[2]

---

[2] Defendant also contends that the allegations of the complaint fail to establish that defendant violated the Fair Debt Collection Practices Act ("FDCPA") because they do not show that defendant is a "debt collector" within the meaning of that Act, that any of plaintiff's loan held or serviced by defendant are in default, or provide any factual detail regarding the information defendant allegedly provided to the credit reporting agency and how that information was false or incorrect. Plaintiff does not specifically allege in her complaint that she is asserting a claim against defendant under the FDCPA, and the court cannot ascertain based on that pleading as it is

IV.     Conclusion

For the reasons discussed above, plaintiff's complaint fails to provide allegations sufficient to state a cognizable claim against defendant.  Nevertheless, because it is still possible that an amendment to the complaint may be able to overcome the deficiencies outlined above with regard to each of plaintiff's apparent claims, the court grants plaintiff leave to amend her complaint.

Plaintiff is cautioned that if she elects to file an amended complaint, she must clearly articulate each of her claims against defendant and provide factual allegations with regard to each claim that address the deficiencies outlined above.  More importantly, plaintiff must have a good faith basis for making such allegations.  See Fed. R. Civ. P. 11(b).  If after reviewing this order, plaintiff determines that she cannot in good faith allege facts that would address the deficiencies with respect to a particular claim, then she may wish to omit such a claim from her amended complaint as failure to make allegations on a good faith basis may be grounds for the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 11(c).  If plaintiff decides to file an amended complaint, it shall be captioned "First Amended Complaint" and shall not exceed 30 pages, including attachments.  Plaintiff shall file her amended complaint within 60 days of the date of this order.[3]

Plaintiff is informed that the court cannot refer to the original complaint, briefs, exhibits, or other filings to make her amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  Thus, once an

---

currently constructed whether plaintiff intends her allegations to assert such a claim against defendant.  Nevertheless, the court finds that defendant's arguments for why the allegation of the current complaint fails to state a cognizable claim under the FDCPA to be persuasive to the extent plaintiff attempts to assert such a claim in that pleading.

[3] During the hearing on this matter, it became apparent to the court that defendant may be plaintiff's student loan servicer with regard to the accounts plaintiff references in her original complaint.  Accordingly, the court directed counsel for defendant to contact plaintiff on behalf of his client and provide her with information regarding where she can see whether her student loans are being serviced by defendant, and, if they are, where she can go to see the status of those loans.  Because such information may assist plaintiff in determining whether she should file an amended complaint or voluntarily dismiss some or all of her claims, the court directs defense counsel to provide this information to plaintiff forthwith.

amended complaint is filed, it supersedes the original complaint, which no longer serves any function in the case.

Plaintiff is further informed that she is not required to file an amended complaint. If plaintiff determines that she does not wish to pursue the action at this juncture or that she cannot in good faith allege any facts asserting cognizable claims against defendant that are not barred, she may instead file a request for voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss the complaint (ECF No. 5) is GRANTED.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 60 days of the date of this order, plaintiff shall file either an amended complaint or a request for voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

IT IS SO ORDERED.

Dated:  January 6, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE