UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHANTHALY PHELPS,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC.,<br><br>Defendant. | No. 2:16-cv-2798-KJN PS<br><br><br><br>ORDER |

Presently before the court is defendant Navient Solutions, Inc.'s motion to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 16.) Plaintiff filed an opposition and defendant filed a reply. (ECF Nos. 20, 22.) On April 2, 2017, the court took this matter under submission on the briefs without oral argument pursuant to Local Rule 230(g). (ECF No. 25). The undersigned has fully considered the parties' briefs and appropriate portions of the record. For the reasons that follow, defendant's motion to dismiss is granted and the first amended complaint is dismissed without leave to amend.

I.     <u>Background</u>

Plaintiff filed her original complaint on or around October 21, 2016, in the Small Claims Division of the Sacramento County Superior Court. (ECF No. 1-1.) Subsequently, defendant removed the matter to federal court and filed a motion to dismiss. (ECF Nos. 1, 5.) The parties

consented to the jurisdiction of the United States Magistrate Judge for all purposes. (ECF Nos. 4, 6.) After briefing and oral arguments, this court granted defendant's first motion to dismiss with leave to amend. (ECF No. 13.) Citing Federal Rule of Civil Procedure 11(b), the court cautioned plaintiff "that if she elects to file an amended complaint, she must clearly articulate each of her claims against defendant and provide factual allegations with regard to each claim that address the deficiencies outlined above. More importantly, plaintiff must have a good faith basis for making such allegations." (Id. at 7.) The court further advised plaintiff that pursuant to Local Rule 220, "once an amended complaint is filed, it supersedes the original complaint, which no longer serves any function in the case." (Id. at 7–8.)

II.     First Amended Complaint

Plaintiff filed her first amended complaint on January 11, 2017, bringing claims under the Fair Credit and Reporting Act ("FCRA") and the Fair Debt Collections Practices Act ("FDCPA"). (ECF No. 14 at 2.) The first amended complaint includes four letters plaintiff sent to defendant from August 2016 through October 2016, which plaintiff claims demonstrate that she has disputed the accuracy of allegedly derogatory information that defendant reported to credit bureaus.[1] (Id. at 4–7.) Plaintiff alleges that defendant violated 15 U.S.C. § 1681s-2 of the FCRA by (1) failing to "provid[e] notice of this disputed matter to the credit bureaus . . .;" (2) failing "to complete an investigation of Plaintiff's written dispute and provide the results . . . within the 30 day period as required . . .;" and (3) failing to "notif[y] Plaintiff of any determination that Plaintiff's dispute is frivolous within the 5 days required. . ." (Id. at 2) Plaintiff also alleges that defendant has violated 15 U.S.C. § 1692g of the FDCPA by failing to send her "written documentation of the amount of the debt, the name of the original creditor, []or other information

---

[1] The letters display plaintiff's intent to seek claims of defamation and negligent enablement of identify fraud. (ECF No. 14 at 4–7). However, in her first amended complaint, plaintiff only states claims related to defendant's alleged violations of the FCRA and the FDCPA. (ECF No. 14 at 1–3.) Defendant argues that plaintiff abandoned her defamation and negligence claims. (ECF No 16 at 3.) Plaintiff responds that she has not abandoned her original claims. (ECF No. 20 at 1.) However, as this court advised plaintiff "once an amended complaint is filed, it supersedes the original complaint, which no longer serves any function in the case." (ECF No. 13 at 7–8.) Therefore, because plaintiff does not state any claim for defamation or negligence in her first amended complaint, those claims are not before the court.

required. . ." (Id.)

III.     Legal Standards

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

3

consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

IV. Discussion

Defendant argues that plaintiff's complaint should be dismissed because "Plaintiff does not allege any facts putting [defendant] within the FDCPA's definition of a "debt collector", nor does she provided sufficient factual allegations to support the theory that any violation of the FCRA or FDCPA occurred." (ECF No. 16 at 3.) Further, defendant argues that plaintiff has failed to demonstrate or adequately allege that she has followed the mandatory procedure for "submitting a notice of dispute to a furnisher of credit information [a]s set for in 15 U.S.C. § 1681s-2(a)(8)(D)" of the FCRA. (Id. at 6.)

A. FDCPA Claim

To state a claim under the FDCPA, a plaintiff must "allege 'factual content that allows the court to draw the reasonable inference' that the defendants: (1) are debt collectors, and (2) used 'any false, deceptive, or misleading representation or means in connection with the collection of any debt' or otherwise engaged in conduct that violates a provision of the FDCPA." Banks v. ACS Educ., 638 F. App'x 587, 590 (9th Cir. 2016) (citing Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir.2013)). The FDCPA includes a series of exemptions to the term "debt collector." "Among those exemptions, for example, the person who originated the debt, such as a creditor to whom the debt was originally owed, is not considered a debt collector." De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1074 (9th Cir. 2011). It is important, therefore, to include specific factual allegations regarding the nature of the debt and the alleged debt collector in order to state a claim under the FDCPA.

4

In the court's January 6, 2017 order granting defendant's motion to dismiss, the court put plaintiff on notice of the need to provide sufficient factual allegations to state a claim under the FDCPA. Defendant had argued that plaintiff's original allegations under the FDCPA were inadequate "because they do not show that defendant is a 'debt collector' within the meaning of that Act . . . or provide any factual detail regarding the information defendant allegedly provided to the credit reporting agency and how that information was false or incorrect. . . ." (ECF No. 13 at 6–7, n.2.) The court notified the parties that it found "defendant's arguments for why the allegation of the current complaint fails to state a cognizable claim under the FDCPA to be persuasive . . ." (Id.)

While plaintiff alleges that defendant violated the FDCPA in her first amended complaint, she does not state any facts regarding defendant's status as a debt collector. (See ECF No. 14 at 1–3.) Rather, plaintiff alleges that defendant is "reporting derogatory information about [her] to one or more consumer reporting agencies," but fails to allege the nature of the debt or defendant's relationship to the debt and original loan. (Id. at 2.) In fact, defendant maintains that it services plaintiff's student loans (ECF No. 16.), however, plaintiff has not alleged or refuted this fact. After notice from the court regarding the pleading requirements under the FDCPA, plaintiff has failed to allege facts sufficient to state a claim under the same. See Banks, 638 F. App'x at 590.

B. FCRA Claim

The FCRA establishes a private right of action for consumers against furnishers of credit information for violating 15 U.S.C. § 1681s-2(b). See Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). However, a consumer must first provide the furnisher with a notice of dispute, which then triggers the furnisher's duties under 15 U.S.C. § 1681s-2(b). See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1162 (9th Cir. 2009) (holding that plaintiff had "a private right of action . . . to challenge MBNA's subsequent failure to so notify the CRAs after receiving notice of [plaintiff]'s dispute under § 1681s–2(b)"). Specifically, "[a] consumer who seeks to dispute the accuracy of information shall provide a dispute notice directly to such person . . . that--(i) identifies the specific information that is being disputed; (ii) explains the basis for the dispute; and (iii) includes all supporting documentation required by the furnisher

to substantiate the basis of the dispute." 15 U.S.C. § 1681s-2(a)(8)(D).

Defendant argues that plaintiff did not provide proper notice under § 1681s-2(a)(8)(D), as a matter of law, because she "did not properly give notice of a dispute of any specific information appearing on her credit reports and never explained why the information was inaccurate." (ECF No. 16 at 7.) Defendant's argument is well taken, in part. Construing plaintiff's first amended complaint liberally, and incorporating the letters she previously sent to defendant[2], plaintiff appears to have specifically identified the information she is disputing—that she owes defendant money for specific loans that appear on her credit reports. (ECF No. 14.) Thus plaintiff appears to have satisfied 15 U.S.C. § 1681s-2(a)(8)(D)(i).

However, plaintiff did not explain the basis for the dispute, nor did she include supporting documentation required to substantiate the basis of the dispute. See 15 U.S.C. § 1681s-2(a)(8)(D)(ii)–(iii). Plaintiff disputed the claim (ECF No. 14 at 4.); warned defendant that it may not report a debt she does not owe to a credit reporting agency (Id.); and claimed that the reported information is "entirely inaccurate and incomplete." (Id. at 6.) Problematically, and significantly, plaintiff has not affirmatively maintained that she did not incur the debt in question. Rather, plaintiff sought proof that she entered into a contract with defendant for the debt. (See Id. at 4 ("Please note that I am requesting 'validation'; that is competent evidence bearing my signature, showing that I have (or ever had) some contractual obligation to pay you."); ECF No. 20 at 3 ("The Defendant may have a business as a loan servicing company, however, it has not been determined to my satisfaction that I, in fact, have a contractual agreement bearing my signature on any document owing the amount charged showing on my credit report.").) Plaintiff attempted to shift her burden of substantiating the basis of her dispute to the defendant when she requested the defendant "validate her debt." Therefore, plaintiff's notice of dispute did not comply with the FCRA. See 15 U.S.C. § 1681s-2(a)(8)(D)(ii)–(iii). Because plaintiff has failed to meet the notice requirements under the FCRA, as a matter of law, she has failed to state a claim

---

[2] Defendant requests that the court to take judicial notice of the four letters provided by plaintiff with her first amended complaint. (ECF No. 16 at 7.) Plaintiff does not oppose this request. The court takes judicial notice of these letters because they are not subject to reasonable dispute. See Fed. R. Evid. 201(b).

for relief under the same.

V.  Conclusion

For the reasons discussed above, plaintiff's first amended complaint fails to provide allegations sufficient to state a cognizable claim against defendant.  Furthermore, the court concludes that additional leave to amend would be futile.  First, even with notice from defendant and the court regarding proper pleading standards, plaintiff failed to state a viable claim under the FDCPA.  Second, because plaintiff failed to properly notice defendant, she cannot state a claim under the FCRA.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss the first amended complaint (ECF No. 16) is GRANTED.
2. Plaintiff's first amended complaint is DISMISSED without leave to amend.
3. The Clerk of Court shall vacate all dates and close this case.

IT IS SO ORDERED.

Dated:  June 23, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/16.2798.phelps v. navient solutions.F&R granting mtd